Ordered that the motion is granted, and, upon reargument, the decision, order and judgment of this Court dated February 8, 2017 (*People ex rel. Lawrence v Kluewer*, 147 AD3d 868 [2017]), is recalled and vacated, and the following decision, order and judgment is substituted therefor:

Writ of habeas corpus in the nature of an application to release the petitioner in connection with Nassau County Docket No. CR-006525-16NA, and application by the petitioner for poor person relief.

Ordered that the application is granted to the extent that the filing fee is waived and the application is otherwise denied as academic; and it is further,

Adjudged that the writ is dismissed, without costs or disbursements.

Habeas corpus relief does not lie as the petitioner is not being detained (*see People ex rel. Wilder v Markley*, 26 NY2d 648 [1970]). Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID LAWRENCE, Petitioner, v SUSAN T. KLUEWER et al., Respondents. [48 NYS3d 616]—Writ of habeas corpus in the nature of an application to release the petitioner in connection with Nassau County Docket No. CR-006525-16NA, and application by the petitioner for poor person relief.

Ordered that the application is granted to the extent that the filing fee is waived and the application is otherwise denied as academic; and it is further,

Adjudged that the writ is dismissed, without costs or disbursements.

Habeas corpus relief does not lie as the petitioner is not being detained (*see People ex rel. Wilder v Markley*, 26 NY2d 648 [1970]). Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDY CEPEDA, Appellant. [48 NYS3d 612]—Appeal by the defendant from an order of the Supreme Court, Queens County (Koenderman, J.), dated April 15, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant's contention that he was entitled to a downward departure from a level three sex offender status based upon the aggregate of certain factors is unpreserved for appellate review (*see People v Figueroa*, 138 AD3d 708, 709